[Cite as *State v. East*, 2015-Ohio-4375.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102442**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES EAST

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582610-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 22, 2015

**ATTORNEY FOR APPELLANT**

John F. Corrigan
405 Lake Forest Dr.
Bay Village, OH 44140


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Maxwell Martin
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Charles East, appeals from a judgment of the Cuyahoga Court of Common Pleas imposing maximum sentences on his conviction of abduction. For the following reasons, we affirm.

**{¶2}** East was indicted for rape and kidnapping in 2014 for a rape incident that occurred in 1994. According to the victim, she was abducted at knife point by two men — one of whom she knew as "Chucky" — who drove her to an apartment, where she was sexually assaulted by the two men and a third man. One of the men cut off her clothes with a knife. All three of them raped her. She was able to get away when she was allowed to use a restroom. She called a friend, who took her to a hospital. A rape kit was collected, and a police report was made. It is unclear why the police did not pursue the matter.

**{¶3}** In 2013, the rape kit was tested. East's DNA was found on the collected vaginal and rectal swabs and the victim's underwear. East and a codefendant were jointly indicted for multiple counts of rape and kidnapping. East filed a motion to dismiss on the ground of preindictment delay. He alleged that he and the victim were acquaintances who often used crack cocaine together. He claimed that, on the night of

the incident, he and the victim spent time at a bar before engaging in consensual sexual conduct.

{¶4} Seven weeks after East filed the motion to dismiss, East and his codefendant pleaded guilty to a reduced charge of abduction, a felony of the third degree. Both were advised at the plea hearing by the trial judge that their abduction offense carried a penalty between 12 to 24 months. The trial court ordered a presentence investigation report for sentencing. Subsequently, the court held a sentencing hearing and sentenced East to 24 months in prison, the maximum sentence for a third-degree felony under the sentencing law effective at the time of the offense.

{¶5} On appeal, East raises two assignments of error. Under, the first assignment of error, he claims the trial court abused its discretion in sentencing him to the maximum sentence.

{¶6} There is no longer a statutory requirement for the trial court to make certain findings before imposing a maximum sentence. We review East's sentence only to determine whether it is contrary to law. A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13-14, citing *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10, and *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶7}** Here, East's sentence was within the statutory range for his third-degree offense of abduction. Our review of the record shows that the trial court stated in its journal entry that it considered "all required factors of the law" and found "prison is consistent with the purpose of R.C. 2929.11" when it imposed the sentence. A defendant's prison sentence is not contrary to law when the sentence is within the statutory range of the degree of offense, and the court's journal entry states that it "considered all required factors of the law" and "finds that prison is consistent with the purposes of R.C. 2929.11." *State v. Glenn*, 8th Dist. Cuyahoga No. 100726, 2014-Ohio-4084, ¶ 3, citing *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16. "Any sentence imposed within that range, after considering all the sentencing factors, is presumptively valid." *Id.,* citing *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. As the trial court acknowledged its statutory duty in sentencing East and the sentence was within the permissible range, East's sentence was not contrary to law.

**{¶8}** East claims that the trial court, in imposing maximum sentence on his conviction of abduction, was punishing him for the rape offense. He claims he should not be punished for a charge that the state had not proven and which he was not convicted of.

**{¶9}** While it is accurate to state that the trial court may not impose a sentence based upon a crime neither charged nor proven, *State v. Dari*, 8th Dist. Cuyahoga

No. 99367, 2013-Ohio-4189, ¶ 15, nor impose a greater sentence based upon the court's belief that the defendant committed a more serious crime than his conviction, *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007, ¶ 11, it is also true that "when the defendant's convictions result from a plea bargain, the plea bargain 'does not preclude the trial court's consideration of the underlying facts' in determining the appropriate sentence to impose." *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 18, citing *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712 (Aug. 23, 2001), *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 17 (2d Dist.), *State v. Namack*, 7th Dist. Belmont No. 01 BA 46, 2002-Ohio-5187, and *State v. Hanson*, 6th Dist. Lucas No. L-01-1217, 2002-Ohio-1522. *See also Peal* at ¶ 18.

{¶10} "'Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense." *Frankos* at \*6, quoting Griffin & Katz, *Ohio Felony Sentencing Law*, at 450-451 (2000 Ed.). "[S]eriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose." *Id.*

{¶11} Our review of the sentencing transcript here does not convince us that the trial court considered the rape charge in sentencing East. Even if the trial court *did* consider the underlying facts in fashioning an appropriate punishment under the specific

circumstances of this case, it was within the law, permitted to do so. The first assignment of error is without merit.

{¶12} Under the second assignment of error, East claims that the Clerk of Courts erroneously taxed costs contrary to the order of the court.

{¶13} The record reflects the trial court waived court costs at the sentencing hearing. The sentencing entry dated October 31, 2014, consistent with the court's waiving of court costs at the sentencing hearing, also stated "costs waived." Inexplicably, an entry in the court's journal dated November 3, 2014, stated "court costs assessed Charles East bill amount110 paid amount 85 amount due 25." This appears to be a clerical error on the part of the Clerk of Courts.

{¶14} However, because this is an error on the part of the clerk's office, rather than the trial court, appellant's remedy is to file a motion with the trial court for an order directing the clerk's office to discharge the erroneously assessed court costs and to reimburse him for the inappropriately collected amount. The second assignment of error is overruled.

{¶15} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR