[Cite as *State v. Phillips*, 2021-Ohio-2772.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110148 |
| v. | : | |
| RUSSELL J. PHILLIPS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 12, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-626391-B and CR-18-626633-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eamonn McDermott, Assistant Prosecuting Attorney, *for appellee.*

Allison F. Hibbard, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Russell Phillips, appeals his sentences following guilty pleas in two cases. For the reasons that follow, we affirm.

{¶ 2} In Cuyahoga C.P. No. CR-18-626391-B, Phillips was named in a 20-count indictment along with his codefendants, Donna Ashcraft and Nicholas Frye.

He was charged with six counts each of burglary and grand theft, three counts of theft, and one count each of safecracking, petty theft, engaging in a pattern of corrupt activity, and possessing criminal tools. In Cuyahoga C.P. No. CR-18-626633-B, Phillips was named in a 13-count indictment along with codefendant Frye. He was charged with seven counts of burglary, three counts of petty theft, two counts of grand theft, and one count of theft. The charges in these two cases stem from burglaries of 13 residences located in North Olmsted, Parma, Seven Hills, and Valley View from October 2017 until February 2018. The estimated value of all property stolen totaled approximately $125,000.

{¶ 3} In March 2020, Phillips entered guilty pleas in both cases. In Case No. CR-18-626391-B, he pleaded guilty to two counts of burglary, felonies of the second degree, and four amended counts of attempted burglary, third-degree felonies. In Case No. CR-18-626633-B, Phillips pleaded guilty to two counts of burglary, second-degree felonies, and five amended counts of attempted burglary, felonies of the third degree. All remaining counts in both cases were nolled. The matter was passed for sentencing for the purpose of obtaining a presentence investigation and psychological evaluation for mitigation. Phillips's previously posted bond remained in place pending sentencing.

{¶ 4} Due to the COVID-19 pandemic, sentencing was reset multiple times. On June 29, 2020, Phillips requested a continuance because he had not yet completed the presentence investigation and psychological evaluation due to the pandemic. He maintained that the evaluations were necessary for sentencing. The

court granted Phillips's motion and continued sentencing until October 1, 2020. After the state filed its sentencing memorandum, Phillips again requested a continuance for time to respond to the state's memorandum. Sentencing was reset two more times until November 2020.

{¶ 5} On November 11, 2020, Phillips appeared for sentencing with stand-in counsel, who requested that the court consider the sentencing memorandum filed on Phillips's behalf. The trial court sentenced Phillips in Case No. CR-18-626391-B to seven years on each burglary offense, and nine months on each of the four attempted burglary offenses. In Case No. CR-18-626633-B, the court sentenced Phillips to seven years on each burglary offense and nine months on each of the five attempted burglary offenses. All sentences were ordered to be served concurrently, for a total prison sentence of seven years.

{¶ 6} Phillips appeals, contending in his sole assignment of error that the trial court's sentence is not supported by the record and is contrary to law. Specifically, he contends that the trial court failed to consider the sentencing factors found in R.C. 2911.11 and 2929.12.

{¶ 7} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by relevant sentencing statutes, or the sentence is otherwise

contrary to law. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. Conversely, if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law. *State v. Woodard*, 8th Dist. Cuyahoga No. 106300, 2018-Ohio-2402, ¶ 35; *see also State v. Clay*, 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499, ¶ 26, citing *Pawlak* at ¶ 58.

{¶ 8} When sentencing a defendant, a court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. Nevertheless, neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although the trial court must "consider" the factors, the court is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. Indeed, consideration of the factors is presumed unless the defendant

affirmatively shows otherwise.  *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).  Finally, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12.  *Id.*

**{¶ 9}** In this case, prior to sentencing, the trial court acknowledged on the record that it took into "consideration * * * the record, the oral statements made [at the sentencing hearing], the purposes and principles of sentencing, the serious and recidivism factors relevant to the offense and this offender, [and] the need for deterrence, incapacitation, rehabilitation, and restitution."  (Tr. 25-26.)  Although the trial court did not specifically state on the record that it considered "R.C. 2929.11 and 2929.12," it expressly identified what those sentencing statutes encompass — the "purposes and principles of sentencing" and the "seriousness and recidivism factors."  Moreover, in the court's sentencing journal entry, the trial court stated that "[t]he court considered all required factors of the law.  The court finds that prison is consistent with the purpose of R.C. 2929.11."  Accordingly, under *Jones*, nothing more is required, and Phillips's sentence is not contrary to law.[1]

**{¶ 10}** Phillips contends that his sentence is also contrary to law because the court did not specifically state that it reviewed his sentencing memorandum, and

---

[1] Phillips has not raised any argument on appeal that his sentence is contrary to law because it falls outside the relevant statutory range.  We note that a seven-year sentence for burglary, a second-degree felony; and a nine-month sentence for attempted burglary, a third-degree felony, is well within the statutory range for each level of offense.  *See* R.C. 2929.14(A)(2) and (3).

the presentencing investigation and mitigation reports; or considered his mental health concerns. He further argues that his sentence is contrary to law because his codefendant, Frye, received a lesser sentence than him despite Frye's primary involvement in the crimes and his criminal history. Finally, Phillips contends that the trial court should not have proceeded with stand-in counsel. These arguments are without merit.

{¶ 11} First, the trial court acknowledged that it "considered the record," which included both reports prepared for the purposes of sentencing, and the sentencing memoranda that counsel filed. Moreover, the court stated that it considered the arguments made during sentencing, which included counsel's request that the trial court take into consideration Phillips's mental health issues and the sentencing memorandum. Finally, Phillips stated at sentencing that he took responsibility for his actions and expressed remorse. Accordingly, we find the court imposed sentence after considering all relevant and available information.

{¶ 12} Second, the fact that Phillips's codefendant received a lesser sentence does not render Phillips's sentence contrary to law. The record demonstrates that unlike Phillips, Frye agreed to cooperate with the police and testify against Phillips and Ashcraft. This agreement seemingly precipitated Phillips to publish a post on Facebook insinuating that Frye was a "snitch" or "a rat." The court was well within its discretion to consider Phillips's conduct when imposing sentence. Moreover, mere disparity in sentencing between codefendants does not render the sentence

contrary to law.  *See generally State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 21.

{¶ 13} Finally, we find that Phillips was not prejudiced with stand-in counsel. At the hearing, stand-in counsel advised the court that there was no reason not to go forward with sentencing.  Although Phillips focuses on a prior statement made by his trial counsel that the case was "extremely complicated" and "necessary" for trial counsel to be present "and not a stand[-]in counsel," we note that this statement was made in support of a motion to continue sentencing, and after this statement was made, trial counsel filed a thorough sentencing memorandum highlighting the relevant mitigation information and advocating for a minimum sentence.  Finally, we note that Phillips's stand-in counsel was from the same law firm as his trial counsel.  Accordingly, the appearance of stand-in counsel at sentencing did not render Phillips's sentence contrary to law.

{¶ 14} The assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR