[Cite as *State v. Moore*, 2022-Ohio-947.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,       :

                       No. 110517

v.                                      :

AMBER NICOLE MOORE,                     :

    Defendant-Appellant.       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-643666-A and CR-19-643726-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Connor Davin, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶1} Appellant, Amber Nicole Moore ("Moore") appeals the trial court's order sentencing her to 12 months in prison. After reviewing the facts of the case and pertinent law, we affirm.

## I. Facts and Procedural History

{¶2} On December 3, 2019, Moore pled guilty to attempted prohibition against altering substance to increase concentration, a misdemeanor of the fourth degree in violation of R.C. 2923.02 and 3719.161, and theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1).

{¶3} While out on bond and awaiting her sentencing hearing, Moore absconded. A capias was issued for her arrest on December 30, 2019. Moore was taken into custody following a traffic stop on April 16, 2021.

{¶4} A sentencing hearing was held on April 22, 2021. At the hearing, Moore and her attorney addressed the court. According to Moore, between the time she absconded and her eventual arrest she began living a sober lifestyle, attained employment, was eligible for a promotion, and had developed a relationship with her child. Moore's attorney notified the court that Moore "recognizes that [it] was poor judgment" not to report for sentencing originally, but that she believed Moore "was afraid of * * * going to jail [for] these cases." Further, Moore's attorney highlighted the fact that Moore had obtained employment and wished to be able to continue working and to pay restitution to the victims of the theft. After hearing these statements, the trial court sentenced Moore to 60 days in jail for the attempted

prohibition against altering substance conviction and 12 months in prison for the theft conviction.  Both sentences were ordered to be served concurrently for a total term of 12 months in prison.  It is from this sentence that Moore appeals.

## II.  Law and Analysis

### A.  Maximum Sentences

{¶ 5}  In her first assignment of error, Moore argues that the "trial court erred when it imposed the maximum sentence without support in the record for the requisite statutory findings under R.C. 2929.11, 2929.12 and 2929.14."  We disagree.

{¶ 6}  Our review of felony sentencing is governed by R.C. 2953.08(G)(2), which states:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 7}  R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.  Additionally,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

*State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7.

{¶ 8} While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Phillips* at ¶ 8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

{¶ 9} At the outset, we note that in her first assignment of error, Moore argues that there was no support in the record "for the requisite statutory findings under * * * [R.C.] 2929.14." However, in this case, the trial court was not required to make any findings under R.C. 2929.14. As noted, under R.C. 2953.08(G)(2), appellate court review is limited to whether the record supports a trial court's findings under R.C. 2929.14(B)(2)(e) and (C)(4). R.C. 2929.14(B)(2)(e) relates to an offender who has been convicted of a repeat violent offender specification, and R.C. 2929.14(C)(4) concerns consecutive sentences. Because Moore was not convicted of a repeat violent offender specification nor was she sentenced to consecutive sentences, the trial court in this case was not required to make these statutory findings.

{¶ 10} In essence, Moore seeks to have her sentence modified by this court asserting that "there is clear and convincing evidence that the trial court's findings [under R.C. 2929.11 and 2929.12] were not supported by the record, therefore a

maximum sentence cannot be sustained." However, the trial court was not required to make findings under those statutes, and Moore offers no evidence to rebut the presumption that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12. At sentencing, the trial court stated it had "reviewed the purposes and principals of the Ohio Revised Code section regarding sentencing and significantly looked at [Moore's] record which * * * is deplorable." The court explained that it could not "grant [Moore] community control sanctions. It would be inappropriate, given [her] record and [her] failure to appear."

{¶ 11} Further, in its journal entry, the court stated that it "considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." This court has previously recognized that those statements alone are sufficient to find that the court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, at ¶ 8 (finding that a sentencing entry that states the court "considered all required factors of law" satisfied the court's statutory requirements). Therefore, we find that Moore has not affirmatively demonstrated that the trial court did not consider all of the required sentencing factors under R.C. 2929.11 and 2929.12.

{¶ 12} Accordingly, Moore's first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 13} In her second assignment of error, Moore argues that she was denied the effective assistance of counsel. We disagree.

{¶ 14} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient, and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. To show that he or she was prejudiced, the defendant must prove that, but for counsel's errors, the result of a trial would have been different. *State v. Williams*, 8th Dist. Cuyahoga No. 66864, 1995 Ohio App. LEXIS 2847, 16 (July 5, 1995), citing *State v. Mills*, 62 Ohio St.3d 357, 376, 582 N.E.2d 972 (1992). The object of an ineffectiveness claim is not to grade counsel's performance. *Id.* at 697. *See also State v. Bradley*, 42 Ohio St. 3d 136, 538 N.E.2d 373 (1989).

{¶ 15} Moore argues that her trial counsel was deficient for failing "to argue some mitigation of sentence." We need not decide whether Moore's trial counsel was deficient because Moore cannot demonstrate prejudice.

{¶ 16} A review of the record demonstrates that at sentencing, Moore's trial counsel notified the court that between the time of Moore's plea and her ultimate arrest Moore had been working full time in addition to being a mother. Additionally, in an effort to explain why Moore absconded, her attorney informed the trial court that prior to sentencing, Moore was required to report to multiple different probation officers, "it got overbearing for her to try to work and report to three different authorities," and "she was afraid of being sentenced[.]"

{¶ 17} Further, at the sentencing hearing, Moore addressed the court and presented all of the mitigating circumstances she argues her trial counsel failed to raise. Therefore, because the trial court had the benefit of hearing Moore's alleged mitigating factors from both her counsel and Moore herself prior to imposing her sentence, Moore cannot demonstrate that the outcome would have been different but for the alleged error.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR