[Cite as *State v. Durand*, 2022-Ohio-1059.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                           No. 110232

    v.                              :

MICAELA DURAND,                         :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640250-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee*.

Allison S. Breneman, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Appellant, Micaela Durand ("Durand"), appeals the trial court's order sentencing her to 15-18 years in prison for involuntary manslaughter with a firearm specification and aggravated robbery. After reviewing the law and pertinent facts of the case, we affirm.

## I. Facts and Procedural History

{¶ 2} Durand was charged with aggravated murder, murder, aggravated robbery, and felonious assault, for her involvement in the robbery and death of Albert Crenshaw. Each charge contained a firearm specification.

{¶ 3} Durand pled guilty to involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A) with a three-year firearm specification, and aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1). All other charges were dismissed. As part of her plea, Durand agreed to testify against any of her codefendants that proceeded to trial.

{¶ 4} Durand was sentenced to three years in prison for the firearm specification, ten years in prison for the involuntary manslaughter charge, and ten years in prison for the aggravated robbery charge. The two ten-year sentences were ordered to be served concurrently and the three-year gun specification was ordered to be served prior to and consecutive to the ten-year sentence. Pursuant to the Reagan Tokes Law, Durand was sentenced to a minimum of 13 years in prison and a maximum of 18 years in prison. It is from this order that Durand appeals.

## II. Law and Analysis

{¶ 5} Durand raises two assignments of error, which are verbatim as follows:

> The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.11 and the purposes and principles of the felony sentencing guidelines.

> The trial court violated defendant's constitutional rights and exceeded its authority by imposing a Reagan-Tokes sentence, under S.B. 201.

### A. Purposes and Principles of Felony Sentencing

{¶ 6} In her first assignment of error, Durand argues that the trial court imposed a sentence contrary to the purposes and principles of felony sentencing. We disagree.

{¶ 7} Our review of felony sentencing is governed by R.C. 2953.08(G)(2), which states:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 8} R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Additionally,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

*State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7.

{¶ 9} While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *Jones* at ¶ 20, citing *State v. Wilson*,

129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Phillips* at ¶ 8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

{¶ 10} Here, Durand seeks to have her sentence modified by this court, asserting that "the most important factor in determining recidivism is an individual's record." According to Durand, the trial court erred when it "clearly failed to consider" the fact that she has no previous criminal record. Durand offers no evidence to rebut the presumption that the trial court did consider the relevant sentencing factors under R.C. 2929.11 and 2929.12. To the contrary, while she asserts that the trial court did not consider her criminal history prior to imposing her sentence, the trial court stated that it had reviewed the presentence-investigation report, which among other things, details Durand's minimal criminal history.

{¶ 11} Further, in its journal entry, the court stated that "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." This court has previously recognized that those statements alone are sufficient to demonstrate that the court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, at ¶ 8 (finding that a sentencing entry that explained the court "considered all required factors of law" satisfied the court's statutory requirements).

Therefore, we find that Durand has not affirmatively demonstrated that the trial court did not consider all of the required sentencing factors under R.C. 2929.11 and 2929.12.

{¶ 12} Accordingly, Durand's first assignment of error is overruled.

## B. Constitutionality of the Reagan Tokes Law

{¶ 13} In her second assignment of error, Durand alleges that the Reagan Tokes Law is unconstitutional because it violates the Sixth Amendment right to trial by jury, "the doctrine of separation of powers," and her "due process rights."

{¶ 14} Durand's second assignment of error is overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR

N.B. The author of this opinion is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).

Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.