[Cite as *State v. Branch*, 2022-Ohio-132.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110050 |
| v. | : | |
| MARCUS BRANCH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 20, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-647543-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Connor Davin, Assistant Prosecuting
Attorney, *for appellee.*

McNeal Legal Services, L.L.C., and Christopher McNeal,
Esq., *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Marcus Branch ("Branch"), appeals his maximum sentence for one count of attempted felonious assault. For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} On January 28, 2020, Branch was indicted on one count of felonious assault, a felony of the second degree, and one count of aggravated robbery, a felony of the first degree. At the time, Branch was on postrelease control for pandering obscenity.

{¶ 3} The charges stemmed from accusations that Branch had assaulted and robbed Christine Hanson ("Hanson"). Hanson alleged that Branch, her boyfriend, had come to her home to visit. At some point, Branch told her he needed money and wanted her to help him rob her friend, "Slim." According to Hanson, they argued, and she did not remember what happened after. A couple of days later, a friend went to check on her and found Hanson's apartment door unlocked. On entering, she found Hanson had been severely beaten. Hanson's face was severely bruised, and there was blood covering Hanson's body, her bedroom walls, and carpet. A large clump of long brown hair believed to be Hanson's was found on the floor.

{¶ 4} Although Branch was represented by counsel, Branch filed several handwritten pro se motions. On March 24, 2020, Branch filed a pro se motion for new counsel. Branch also filed discovery demands, motions to dismiss, and motions to reduce his bond. In one of his motions to dismiss, Branch alleged that he was innocent and that Hanson had written an affidavit verifying this claim. In addition

to these motions, two motions to dismiss were filed, both handwritten and both signed "Christine Hanson."

{¶ 5} On May 19, 2020, Branch, through counsel, filed a motion for a psychiatric evaluation to determine Branch's competence to stand trial and his sanity at the time of the crime.

{¶ 6} On July 14, 2020, the trial court had a hearing to review Branch's psychological evaluation. A report was provided by Dr. Michael Aronoff ("Dr. Aronoff"). Both the defense and the prosecution stipulated to the report. In his report, Dr. Aronoff diagnosed Branch with polysubstance dependence. He also noted that Branch's cognitive disability seemed exaggerated, and the doctor opined Branch was malingering.

{¶ 7} Branch's counsel requested a second psychological evaluation, noting that Branch had a significant mental health history. Counsel also noted that Branch was sometimes "nonsensical" in their communications. The state agreed with the request for a second evaluation.

{¶ 8} The trial court first addressed Branch's pro se motion for new counsel. After Branch assured the court that he wished to withdraw the motion, the court addressed the request for a second evaluation. The trial court denied the request stating that from Branch's pro se motions and his conduct during the hearing the court believed Branch was competent to stand trial.

{¶ 9} On August 3, 2020, Branch's counsel filed a motion for leave to withdraw as counsel. Counsel pointed to Branch's numerous pro se filings that

demonstrated Branch's distrust of his attorney and his attorney's strategy. The trial court granted the motion and appointed the public defender's office to represent Branch.

{¶ 10} On September 16, 2020, Branch entered into a plea agreement where he agreed to plead guilty to Count 1, felonious assault as amended to attempted felonious assault, a felony of the third degree. The state agreed to dismiss the aggravated robbery charge. Further, the parties agreed that Branch would have no contact with the victim, pay restitution, and serve a prison term.

{¶ 11} On October 14, 2020, the case came before the court for sentencing. The victim, Hanson, appeared. The state alleged that the requests for dismissal written and signed with Hanson's name were actually written by Branch. Supporting that contention, Hanson detailed how Branch's assault traumatized her and how it continued to affect her daily. She requested that the court sentence Branch to the maximum sentence allowable under the law. She also stated that "8 years" wasn't enough to redress what Branch did to her. The trial court sentenced Branch to the maximum term of 36-months on the attempted felonious assault charge and ordered him to pay restitution to Hanson. The court further found that the conviction violated Branch's postrelease control. The trial court terminated the postrelease control and sentenced Branch to serve the remainder of his postrelease control as a prison sanction. The terms were to be served consecutively by operation of law.

{¶ 12} Branch assigns the following errors for our review.

## Assignment of Error No. 1
The record clearly does not support a maximum sentence.

## Assignment of Error No. 2
R.C. 2929.141 is unconstitutional on its face and as applied to Appellant.

## Assignment of Error No. 3
The trial court abused its discretion when it did not grant the defense's unopposed motion for a second psychiatric evaluation for the defendant.

## Law and Analysis

### I. Maximum Prison Term

{¶ 13} In his first assignment of error, Branch argues that the record did not support a maximum prison term.  We disagree.

{¶ 14} An appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *State v. Evans*, 8th Dist. Cuyahoga No. 110253, 2021-Ohio-3679, ¶ 10.  Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing."  *Id.* However, an appellate court may only take this action "if it determines by clear and convincing evidence * * * that the sentence is otherwise contrary to law."  *State v. Evans*, 8th Dist. Cuyahoga No. 109619, 2021-Ohio-1411, ¶ 12, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21.[1]

---

[1] R.C. 2953.08(G)(2) describes two situations where an appellate court may overturn a sentence.  In the first, a sentence may be modified if we clearly and convincingly find "[t]hat the record does not support the sentencing court's findings under division (B) or

**{¶ 15}** "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12." *Evans*, 8th Dist. Cuyahoga No. 109619, 2021-Ohio-1411, at ¶ 12.

**{¶ 16}** With respect to the first prong, the trial court sentenced Branch to the maximum term of 36 months on the attempted felonious assault charge. Under R.C. 2929.14(A), the term of imprisonment for a felony of the third degree is a definite term in prison of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). Consequently, the trial court's sentence of 36 months was within the statutory range.

**{¶ 17}** The second prong addresses whether the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and 2929.12. Under R.C. 2929.11, when sentencing for a felony, the trial court "shall be guided by the overriding purposes of felony sentencing" i.e. (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Evans,* 8th Dist. Cuyahoga No.

---

(D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." R.C. 2953.08(G)(2)(a). In the second, we may modify a sentence if it is contrary to law. R.C. 2953.08(G)(2)(b). In the instant case, the statutes in R.C. 2953.08(G)(2)(a) do not apply; therefore, we solely address whether Branch's sentence is contrary to law.

110253, 2021-Ohio-3679, at ¶ 13, quoting R.C. 2929.11. Additionally, R.C. 2929.11(B) states:

> A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 18} R.C. 2929.12 provides further instruction, detailing seriousness and recidivism factors the trial court should consider when imposing a felony sentence. *Evans* at ¶ 13.

{¶ 19} However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual finding on the record." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8, citing *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793.

{¶ 20} While the trial court must consider the factors delineated in R.C. 2929.11 and 2929.12, it "is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence." *Phillips* at ¶ 8, citing *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. Furthermore, the trial court is presumed to have considered the factors unless the defendant affirmatively demonstrates

otherwise. *Id.*, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

{¶ 21} In the instant case, Branch argues that his sentence was contrary to law because the record does not reflect that the trial court considered the R.C. 2929.11 and 2929.12 factors. Branch points to the fact that the victim did not have "any broken bones, permanent disfigurement or disability." He further argues that the record fails to show that the trial court considered mitigating factors. Finally, Branch argues that the record reflects that the trial court overemphasized Branch's prior conduct. We are not persuaded.

{¶ 22} After a thorough review of the record, we note that during the sentencing hearing, the trial court heard from all parties, including Hanson. Hanson described the effects of the "brutal assault" and how she was "beaten and left for dead" for two days before a friend found her. She described how she now lives in constant fear, no longer sees friends, and never dates. Hanson testified that she experiences rapid decrease in her vision and frequent dizziness that leads to blackouts. Hanson felt that the maximum sentence was not enough to redress the harm Branch caused her.

{¶ 23} The trial court also reviewed the presentence investigation that detailed the facts of this case as well as the case for which Branch was on postrelease control. Furthermore, the report addressed Branch's other criminal history. The trial court read into the record the facts of the cases in detail. In the postrelease control case, the court noted that Branch was charged with rape, pandering

obscenity, and abduction. Further the court noted that Branch pled guilty to the pandering obscenity charge.

{¶ 24} In addition to that case, the trial court reviewed Branch's criminal history in Indiana, which included prior convictions for misdemeanor battery and battery with serious physical harm. Branch served an eight-year term for the latter offense.

{¶ 25} Although the trial court did not address any mitigating factors on the record during the sentencing hearing, the trial court indicated that it considered all the required factors in making its sentencing determination. The mere fact that the trial court emphasized certain factors and did not mention others, does not lead us to conclude that the trial court failed to consider all relevant factors. It is generally accepted that "a trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, at ¶ 8, citing *Wright*, 2018-Ohio-965, 108 N.E.3d 1109, at ¶ 16.

{¶ 26} Branch also alleged that his "effective sentence" was eight years and that he was improperly sentenced to a felony of the second degree. He argued that such a sentence for attempted felonious assault would be contrary to law. Branch's "effective sentence" was eight years because this offense implicated postrelease control from a previous conviction that was added to the sentence from this case.

{¶ 27} Branch appears to be referring to his postrelease control sentence and combining it with his 36-month sentence. The trial court found that Branch's plea

violated his postrelease control on the pandering obscenity case. As a result, the trial court terminated Branch's postrelease control and converted the remainder of his term of postrelease control to a prison term. Branch claims that the sentence was five years and contrary to law. However, the trial court's journal entry states:

> The court finds that this conviction violates defendant's term of PRC in Case #632204. PRC to terminate and defendant to serve the remainder of his PRC term as a prison sanction. PRC to run consecutively by operation of law.

{¶ 28} It merely indicates that Branch's postrelease control is revoked and that *whatever time he has remaining* is converted to a prison term. R.C. 2929.141 allows the trial court to impose a prison term for a violation of postrelease control as either "the greater of twelve months or the period of postrelease control for the earlier felony minus any time the person has spent under postrelease control for the earlier felony."

{¶ 29} Here, nothing in the record before us supports Branch's contention that he received a sentence longer than allowed under the applicable statutes. Branch's 36-month sentence for attempted felonious assault was not contrary to law, and the additional term resulted from the violation of postrelease control, when he committed the instant offense.

{¶ 30} Accordingly, we overrule Branch's first assignment of error.

## II.     Double Jeopardy

{¶ 31} In his second assignment of error, Branch argues that R.C. 2929.141 is unconstitutional in fact and as applied to him. Branch alleges that he cannot be

sentenced to the term in this case because "he had already been sentenced to five and a half months for the same postrelease control violation." Branch argues that this additional term violates the Double Jeopardy Clause. Branch, however, does not cite to the record or provide any other information with respect to this five-and-a-half-month sentence.

{¶ 32} It is generally understood that "[t]he appellant bears the burden of demonstrating error on appeal *by reference to the record of the proceedings below*." (Emphasis sic.) *Bradley v. Bradley*, 8th Dist. Cuyahoga No. 109792, 2021-Ohio-2514, ¶ 24.

> In the absence of an adequate record, which is the responsibility of the appellant, we are unable to evaluate the merits of an assignment of error and must affirm the trial court's decision. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237; *Holley v. Higgins* (1993), 86 Ohio App.3d 240, 620 N.E.2d 251. *See also* App.R. 12(A).

*Collier v. M. Kramer & Assocs.*, 8th Dist. Cuyahoga No. 65602, 1994 Ohio App. LEXIS 2361, 12-13 (June 2, 1994).

{¶ 33} Because the record before us does not show the additional sentence Branch alleges he served, we are unable to determine whether the sentence in this case violates the Double Jeopardy clause.

{¶ 34} Accordingly, the second assignment of error is overruled.

### III.   <u>Request for Second Psychological Evaluation</u>

{¶ 35} In his third assignment of error, Branch argues that the trial court abused its discretion when it refused to allow a second psychological evaluation.

{¶ 36} The decision to grant one or more psychological evaluations is at the discretion of the trial court. *State v. Mathews,* 8th Dist. Cuyahoga No. 107120, 2019-Ohio-1366, ¶ 8, citing R.C. 2945.371(A). Specifically, R.C. 2945.371(A) states, "If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court *may* order one or more evaluations * * *". (Emphasis added.) Therefore, we must determine whether the trial court abused its discretion when it refused to allow a second psychological evaluation. *State v. Ballard,* 8th Dist. Cuyahoga No. 72989, 1998 Ohio App. LEXIS 3488, 5 (July 30, 1998). A court abuses its discretion when its decision is "unreasonable, arbitrary, or unconscionable." *Cleveland v. Cornely,* 8th Dist. Cuyahoga No. 109556, 2021-Ohio-689, ¶ 17, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 37} In the instant case, Branch has failed to include a copy of the psychological evaluation in the record. However, the trial court discussed the contents of the report. Specifically, the court pointed to evidence that Branch was exaggerating cognitive impairments during the evaluation. For example, Dr. Aronoff reported that Branch could not provide his birth date or spell his last name. Furthermore, Dr. Aronoff believed Branch intentionally responded incorrectly during standardized testing, lowering his score.

{¶ 38} Branch's counsel stipulated to the report but requested a second evaluation because Branch had a "significant mental health history" including a previous diagnosis of "psychotic disorder unspecified" when Branch was involved in

the Indiana juvenile justice system. Counsel further noted that his interactions with Branch were "at times, bizarre" and sometimes nonsensical.

{¶ 39} Prior to ruling, the trial court asked Branch about his motion to remove counsel. Noting that the motion was handwritten, the trial court read portions into the record and asked Branch if he still wished to remove his lawyer. Branch indicated that he had changed his mind. Specifically, he noted he filed the motion in part because counsel was late for the last hearing. Branch feared that the trial court would count the lateness against him during sentencing. Further, Branch indicated he was dissatisfied with the plea offer his lawyer relayed to him. Branch felt his lawyer could have gotten him a better deal. Branch also explained that since then, his lawyer had contacted Branch's mother and grandfather and they had advised him to continue using the lawyer.

{¶ 40} Pointing to Branch's articulate and clear answer to the question and his multiple handwritten pro se motions, the trial court found that Branch was competent. The trial court noted that Branch's motions and oral argument established his ability to understand the nature of the charges against him and his ability to assist in his defense.

{¶ 41} Given this record we cannot say that the trial court abused its discretion when it denied Branch's request for a second psychological evaluation. There was clear evidence in the record to support the trial court's finding of Branch's competence; therefore, the trial court did not abuse its discretion in refusing to order

a second psychological evaluation. Accordingly, we overrule Branch's third assignment of error.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR