[Cite as *State v. Branch*, 2022-Ohio-3910.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,           :

                            No. 110050

v.                                          :

MARCUS BRANCH,                               :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DENIED
**RELEASED AND JOURNALIZED:** November 2, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-20-647543-A
Application for Reopening
Motion No. 556256

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Marcus A. Branch, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} On July 6, 2022, the applicant, Marcus Branch, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Branch,* 8th Dist. Cuyahoga No. 110050,

2022-Ohio-132, in which this court affirmed his conviction and sentence for attempted felonious assault. Branch now asserts that his appellate counsel was ineffective for not raising the following issues: (1) his conviction was barred by double jeopardy, (2) the Adult Parole Authority violated the doctrine-of-separation of powers by finding him in violation of postrelease control and returning him to prison, and (3) the state violated his due process rights by allowing him to be sent to prison for violating postrelease control before trying him on current case. On September 22, 2022, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶ 2} In *State v. Branch*, Cuyahoga C.P. No. CR-18-632204-A, Branch pled guilty to pandering obscenity. On January 3, 2019, the trial court sentenced him to 11 months in prison and five-years mandatory postrelease control and granted him 128 days of jail-time credit.

{¶ 3} After being released, Branch approached his girlfriend to help him rob someone. The girlfriend said that they fought, but that she did not remember what happened after that. A couple of days later, the girlfriend was found severely beaten. The grand jury indicted Branch for felonious assault and aggravated robbery in *State v Branch,* Cuyahoga C.P. No. CR-20-647543-A.

{¶ 4} Branch claims that after beating his girlfriend, he self-reported this to the Adult Parole Authority, which returned him to prison for five-and-a-half months, from September 3, 2019, to February 17, 2020, for violating postrelease control. Branch attached to his application a certification of incarceration from the

Ohio Department of Rehabilitation and Correction that states he served PRC time from October 2, 2019, to February 17, 2020. This documentation does not appear to be in the record prior to Branch attaching it to the instant application to reopen.

{¶ 5} In September 2020, the state amended the felonious assault count to attempted felonious assault, a third-degree felony. Branch pled guilty to that charge, and the state nolled the aggravated robbery count. In an October 15, 2020 journal entry, the trial judge sentenced Branch to 36-months in prison. The judge also ruled that this conviction violated his postrelease control in the pandering obscenity case and terminated the postrelease control and ordered Branch to serve the remainder of the postrelease control term as a prison sanction consecutive to the 36-months term by operation of law.

{¶ 6} In the direct appeal, Branch's counsel argued the following three assignments of error: (1) the record did not support a maximum sentence, (2) R.C. 2929.141 (new felony committed by person on postrelease control) is unconstitutional on its face and as applied to Branch, and (3) the trial court abused its discretion when it did not grant Branch a second psychiatric evaluation. In the second assignment of error, appellate counsel argued that Ohio's postrelease control statute, allowing a person to be sent to prison for a new felony by both the Adult Parole Authority and the trial judge, as happened to Branch in this case, violated the Fifth Amendment protection against double jeopardy. Appellate counsel

acknowledged decisions upholding the constitutionality of R.C. 2929.141.[1] On January 20, 2022, this court affirmed in part because the record did not contain any evidence of Branch serving five-and-a-half months incarceration for violating postrelease control. *State v Branch*, 8th Dist., Cuyahoga No. 110050, 2022-Ohio-132.

{¶ 7} On February 1, 2022, Branch filed a pro se motion for reconsideration arguing that using the attempted felonious assault crime to send him to prison twice for violating postrelease control and also for committing attempted felonious assault violates double jeopardy. This court denied his motion for reconsideration on March 31, 2022. On April 27, 2022, Branch filed pro se motions for en banc consideration and for delayed reconsideration resurrecting the double jeopardy argument with the proof of the certification of incarceration. This court denied those motions on May 6, 2022. Branch filed the App.R. 26(B) application on July 6, 2022.

{¶ 8} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the instant case, this court issued its decision on January 20, 2022. Thus, the application is untimely on its face. In an effort to show good cause, Branch alleges that he had to get proof of his prior incarceration. However, this court has held that

---

[1] Branch misinterprets *State v. Martello,* 97 Ohio St.3d 398, 780 N.E.2d 250 (2002). In that case, the Supreme Court of Ohio ruled that if a person on postrelease control commits a crime, returning that person to prison for violating postrelease control and prosecuting the person for that new crime does not violate the Double Jeopardy Clauses. *State v. Dunne,* 8th Dist. Cuyahoga No. 100460, 2014-Ohio-3323.

experiencing delays in obtaining records related to one's conviction does not establish good cause for untimely filing. *State v. Nagy,* 8th Dist. Cuyahoga No. 105935, 2019-Ohio-2319, and *State v. Young,* 8th Dist. Cuyahoga No. 109169, 2022-Ohio-308.

{¶ 9} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, any delay Branch experienced in obtaining the records does not state good cause.

{¶ 10} The court further notes that this is the fourth time in this appeal that the issue of double jeopardy has been raised, once by counsel and three times by Branch pro se. Because this court has previously considered and rejected Branch's

double jeopardy argument, res judicata bars this application. *State v. Tyler,* 71 Ohio St.3d 398, 643 N.E.2d 1150 (1994).

{¶ 11} Accordingly, this court denies the application to reopen.

_____

EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
MARY EILEEN KILBANE, J., CONCUR