[Cite as *State v. Evans*, 2021-Ohio-3679.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                   No. 110253

            v.                          :

LESLIE EVANS,                           :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 14, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636193-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Megan Helton and Eben O. McNair, Assistant Prosecuting
Attorneys, *for appellee.*

Maxwell Martin, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Leslie Evans appeals from a consecutive prison term of 23 years for his convictions of two counts of aggravated robbery. The trial court imposed the term after this court remanded the case for resentencing because

the trial court failed to merge certain related offenses for sentencing. Evans argues his sentence is contrary to law because the record does not support the maximum sentence imposed on one of the two aggravated robbery offenses, or the consecutive sentences imposed on the two aggravated robbery offenses. After a review of the record and applicable law, we affirm the trial court's judgment.

**Substantive Facts and Procedural History**

{¶ 2} Evans was tried for aggravated robbery of a pharmacist and a security guard in a CVS store. At trial, the evidence reflected that codefendant David Stewart orchestrated a plan for Evans and another codefendant Tisean Young to rob the CVS store located on Kinsman Road, Cleveland. Stewart drove Evans and Young to the store and waited outside. Evans and Young entered the store, with Evans brandishing a firearm. While Young forced the store customers to the back of the store and contained them in the area, Evans went to the pharmacy and ordered the pharmacist Michael Daloisio, at gunpoint, to open the safe where the narcotics were stored. When Daloisio told Evans he could not open the safe because it was on a timed lock, Evans pistol-whipped him in the head, causing his head to bleed. Daloisio fell to the ground and Evans took his wallet and cell phone. Evans also took a cell phone from the store's security guard, Samuel Watkins. Young took two cell phones from a customer, D.B., and threatened to shoot her if she was to look at him.

{¶3} Evans, Stewart, and Watkins were indicted in a joint 21-count indictment.[1] Evans and Stewart were tried in a joint jury trial. Young testified for the state at the trial under a plea agreement. In the midst of the trial, Stewart decided to plead guilty as well.

{¶4} The jury found Evans guilty of 14 counts of offenses relating to the CVS robbery: aggravated robbery, robbery, felonious assault, and theft of the pharmacist Daloisio; robbery of D.B.; aggravated robbery, robbery, and theft of the security guard; theft of the pharmacist's credit cards; two counts of tampering with evidence; having weapons while under disability; carrying a concealed weapon; and receiving stolen property. The trial court found Count 5 (aggravated robbery pertaining to Daloisio) and Count 6 (robbery pertaining to Daloisio) to be allied offenses, as well as Count 12 (aggravated robbery pertaining to Watkins) and Count 13 (robbery of Watkins).

{¶5} After merging these offenses, the trial court imposed the following consecutive terms: 11 years on Count 5 (aggravated robbery pertaining to Daloisio) and three years on the attached firearm specification; two years on Count 10 (robbery pertaining to D.B.); six years on Count 12 (aggravated robbery pertaining to Watkins); and three years on the gun specification attached to Count 7 (felonious

---

[1] The indictment included several counts relating to a Dollar General store robbery and a Family Dollar store robbery, which were unrelated to the CVS robbery but occurred close in time to the CVS robbery. At the end of the state's case, the state dismissed the counts relating to the Dollar General store robbery, and the jury found Evans not guilty of the counts relating to the Family Dollar store robbery.

assault of Daloisio).  The court imposed concurring terms on the remaining counts.

Evans received an aggregate term of 25 years.[2]

{¶ 6} In his direct appeal, this court affirmed his convictions but remanded the matter for resentencing, finding Count 12 (aggravated robbery pertaining to Watkins) and Count 14 (theft pertaining to Watkins) are allied offenses of similar import and should have been merged.  This court therefore remanded the matter for resentencing.  *State v. Evans*, 8th Dist. Cuyahoga No. 108648, 2020-Ohio-3968.  Regarding his consecutive sentences, Evans argued the record does not support the trial court's imposition of consecutive sentences.  He contended that concurrent prison terms would be adequate to accomplish the felony sentencing purposes and there was nothing in the record to warrant an aggregate prison term of 25 years in this case.  This court found the issue to be moot due to the remand for resentencing.

{¶ 7} On remand, the trial court held a resentencing hearing.  The trial court merged all related counts pertaining to the robbery of Daloisio (Counts 5, 6, 8, 15, and 21), finding them allied offenses.  The state elected for Evans to be sentenced on Count 5 (aggravated robbery), and the trial court imposed 11 years of imprisonment, consecutive to a three-year term on the attached gun specification.  The court also found all related counts pertaining to the robbery of Watkins (Counts 12, 13, and 14) to be allied offenses.  The state elected for him to be sentenced on Count 12

---

[2] While the trial court's sentences on the 14 counts totaled 25 years, the trial court mistakenly stated at the end of the sentencing hearing that the aggregate term was 23 years.  The sentencing entry, however, correctly reflected a total term of 25 years of imprisonment.

(aggravated robbery), and the trial court imposed a six-year term, consecutive to a three-year term for the attached gun specification. The trial court ordered the prison term for the two aggravated robbery offenses and the three-year term on the attached gun specification in each offense to be served consecutively. Evans's consecutive term totals 23 years.

{¶ 8} The court merged Counts 10 and 11 (relating to the robbery of D.B.) and imposed two years on Count 10 elected by the state. The two-year term on Count 10, as well as various terms on the remaining counts, are to be served concurrently.

**Appeal**

{¶ 9} On appeal, Evans raises the following assignment of error:

> Appellant's sentence is contrary to law because the record does not support the imposition of a maximum sentence or consecutive sentence.

{¶ 10} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *See, e.g.*, *State v. Cedeno-Guerrero*, 8th Dist. Cuyahoga No. 108097, 2019-Ohio-4580, ¶ 17, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Pursuant to R.C. 2953.08(G)(2), when reviewing felony sentences, an "appellate court may increase, reduce, or otherwise modify a sentence," or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that "the record does not support the sentencing court's findings" under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or "the sentence is otherwise contrary to law."

## A. Maximum Sentence

{¶ 11} We address first Evans's claim regarding the maximum sentence of 11 years the trial court imposed on Count 5 (aggravated robbery pertaining to Daloisio), a first-degree felony.

{¶ 12} A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See, e.g.*, *State v. Clay*, 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499, ¶ 26, and *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13-14.

{¶ 13} R.C. 2929.11 provides that when sentencing an offender for a felony, the trial court shall be guided by the overriding purposes of felony sentencing, which are (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Furthermore, R.C. 2929.11(B) provides that a sentence shall be "reasonably calculated" to achieve those overriding purposes "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.12 sets forth seriousness and recidivism factors the trial court should consider when imposing a felony sentence.

{¶ 14} Here, the transcript of the resentencing hearing reflects that the trial court stated that it considered the purposes and principles of felony sentences and found the prison sentence to be consistent with R.C. 2929.11.[3] In addition, the court's journal entry stated that the trial court had considered all required factors set forth by the law. As such, the maximum sentence imposed on Count 5 is not contrary to law.

{¶ 15} As to Evan's claim that the maximum sentence is not supported by the record, the Supreme Court of Ohio held in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, that R.C. 2953.08(G)(2)(a) does not permit the appellate court to modify or vacate a sentence based on the claim that there is a lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12, or the claim that there is a lack of support in the record for the sentence "as a whole" under these two statutes. *Id.* at ¶ 29 and 30.

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry * * *.

*Id.* at ¶ 42. In light of the authority from the Supreme Court of Ohio, we find no merit to Evans's claim that his maximum sentence is not supported by the record.

---

[3] The record reflects the trial court held the resentencing hearing on October 6, 2020, and again on November 3, 2020. The second resentencing hearing was held apparently because at the prior hearing the trial court inadvertently omitted the statement that it had considered the purposes and principles of felony sentencing set forth in R.C. 2929.11.

## B. Consecutive Sentences

{¶ 16} In contrast to maximum sentences, in order to impose consecutive sentences, the trial court is required to make certain statutory findings. R.C. 2929.14(C)(4) provides that the trial court can impose consecutive sentences if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} A consecutive sentence may be challenged in two ways. The defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4), or the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See, e.g., State v. Smith*, 8th Dist. Cuyahoga No. 108793, 2020-

Ohio-3666, ¶ 18; *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

**{¶ 18}** Here, at the resentencing hearing, the prosecutor asked the trial court to impose consecutive sentences, noting that, although Stewart was the ringleader of the CVS robbery, Evans recruited Young for the robbery and executed the robbery in a violent manner. The prosecutor also pointed out that Evans, 19, had a fairly extensive juvenile history: he had an unspecified felony of the fourth degree as well as three separate domestic violence cases. He also had one prior adult case in addition to his juvenile record.

**{¶ 19}** The trial court made the following statutory findings:

I sentence you to consecutive sentences on Counts 5 and 12 because I find that they're necessary to protect the public and to punish the offender. Consecutive sentences are not disproportionate to the crimes which you committed, nor are they disproportionate to other sentences that have been meted out around the State.

Further, I find the harm caused was so great or unusual that it is necessary to give you consecutive sentences. And, finally, as recited by the prosecutor, you have a criminal history of violence, and therefore I find consecutive sentences are necessary for all those reasons.

**{¶ 20}** Evans does not claim that the trial court failed to make the statutorily mandated findings; rather, he claims the record does not support the findings. He argues that his codefendants received more lenient sentences; no one was killed or permanently injured; and the security guard Watkins was not harmed during the robbery.

{¶ 21} In making the consecutive findings, a trial court is not required to give reasons supporting its decision to impose consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27. Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 22} Our review of the transcript reflects that the trial court engaged in the consecutive analysis and the record contains evidence to support its findings. The record reflects that, although Evans was not the one orchestrating the armed robbery, he recruited Young to the robbery and actively participated in it. The armed robbery took place in a drug store frequently visited by the public and the brazen conduct by Evans and his codefendant obviously terrorized the customers in the store and potentially put their lives at risk. Evans brandished a firearm during the robbery and pistol-whipped the pharmacist when told the narcotics safe could not be opened. While his codefendants accepted the responsibility for their conduct and pled guilty, Evans did not show any remorse for his offenses. These facts support the trial court's finding under R.C. 2929.14(C)(4) (consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such sentences are not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public).

{¶ 23} The trial court also made a finding under R.C. 2929.14(C)(4)(c), determining that Evans's history of criminal conduct demonstrated that consecutive

sentences are necessary to protect the public from future crime by the offender. In this regard, the record reflects that, as a juvenile, Evans had multiple juvenile adjudication for domestic violence as well as a fourth-degree felony case, and, at 19, he already had an adult case, in which he pleaded guilty to a first-degree misdemeanor.

{¶ 24} Our review reflects the trial court followed the statute for imposing consecutive sentences. And, upon review, we do not clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.14(C)(4), and therefore, affirm the consecutive sentences imposed by the trial court. R.C. 2953.08(G)(2).

{¶ 25} For all the foregoing reasons, the sole assignment of error is without merit. The judgment of the trial court is affirmed.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR