[Cite as *State v. Dix*, 2022-Ohio-681.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                            No. 110079

    v.                                    :

JERMAINE DIX,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646529-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ayoub Dakdouk, Assistant Prosecuting Attorney, *for appellee.*

Friedman, Gilbert, & Gerhardstein and Mary Catherine Corrigan, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Jermaine Dix ("Dix") appeals after a plea of guilty to aggravated robbery and other counts. For the reasons that follow, we affirm.

## Facts and Procedural History

{¶ 2} On December 10, 2019, Dix and a codefendant Kelly Pettis ("Pettis") were indicted for incidents that occurred on October 16, and October 18, 2019. They were each charged with two counts of aggravated robbery, first-degree felonies, four counts of robbery, second-degree felonies, and two counts of robbery, third-degree felonies. One- and three-year firearm specifications were attached to these charges. Additionally, they were both charged with one count of receiving stolen property, a felony of the fourth degree. Dix was also charged with one count of having a weapon while under a disability.

{¶ 3} The charges stemmed from allegations that Dix arranged for two accomplices to rob the alleged victims, A.S. and C.H., at gunpoint. The state alleged that Dix received a ride from the alleged victims. The alleged victims were in the process of moving and had several of their possessions in their car. Dix later contacted A.S. and C.H. and told them he left his keys in their car. When they went to meet him at a prearranged place, two men in a van robbed them at gunpoint, stealing their car, and all the items in it. A.S. and C.H. reported the incident to the police and identified Dix as potentially being involved. The police alleged Dix was outside his residence when they arrived and ran inside upon seeing them. As Dix had an outstanding warrant, the police followed him and later discovered a gun in his residence fitting the description of the one used by the robbers. Police found the victim's car parked nearby. Additionally, the state alleged that during the course of

the investigation, they had obtained images from Instagram showing Dix selling items from the robbery.

{¶ 4} On August 20, 2020, Dix elected to accept a plea deal from the state. Dix pled guilty to Count 1, aggravated robbery. The state amended the charge by dismissing the firearm specifications and amending the charge to reflect both victims. Dix also pled guilty to Count 9, having a weapon while under a disability and Count 10, receiving stolen property. The state amended Count 10 to a misdemeanor of the first degree. The state dismissed the remaining charges.

{¶ 5} On September 30, 2020, the trial court sentenced Dix to an indefinite term of six to nine years on the aggravated robbery charge under R.C. 2967.271, otherwise known as the Reagan Tokes Law, 30 months on the having weapons while under disability, and 180 days on the receiving stolen property. All terms were to run concurrently. The court also ordered Dix to pay restitution to the victims in the amount of $3,970.50.

{¶ 6} Dix appeals and assigns the following errors for our review.

**Assignment of Error No. 1**

The trial court's sentence was contrary to law.

**Assignment of Error No. 2**

The appellant received ineffective assistance of counsel.

**Assignment of Error No. 3**

The trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act.

{¶ 7} In his first assignment of error, Dix argues that his sentence is contrary to law and in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, Dix argues that both the record and the trial court's journal entry do not show it considered the felony sentencing factors listed in R.C. 2929.12.

{¶ 8} We note that an appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *State v. Evans*, 8th Dist. Cuyahoga No. 110253, 2021-Ohio-3679, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing." *Id*. However, an appellate court may only take this action "if it determines by clear and convincing evidence * * * that the sentence is otherwise contrary to law." *State v. Evans*, 8th Dist. Cuyahoga No. 109619, 2021-Ohio-1411, ¶ 12, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21.[1]

{¶ 9} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to

---

[1] R.C. 2953.08(G)(2) describes two situations where an appellate court may overturn a sentence. In the first, a sentence may be modified if we clearly and convincingly find "[t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." R.C. 2953.08(G)(2)(a). In the second, we may sentence if it is contrary to law. R.C. 2953.08(G)(2)(b). In the instant case, Dix does not raise any of the R.C. 2953.08(G)(2)(a) factors; therefore, we focus on whether the sentence is contrary to law.

consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Evans*, 2021-Ohio-1411 at ¶ 12.

{¶ 10} In the instant case, Dix focuses on the second basis, i.e., that the trial court failed to consider the factors in R.C. 2929.11 and 2929.12. Under R.C. 2929.11, when sentencing for a felony, the trial court "shall be guided by the overriding purposes of felony sentencing," i.e., (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Evans,* 2021-Ohio-3679 at ¶ 13, quoting R.C. 2929.11. Additionally, R.C. 2929.11(B) states:

> A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 11} R.C. 2929.12 provides further instruction, detailing the seriousness and recidivism factors the trial court should consider when imposing a felony sentence. *Evans* at ¶ 13.

{¶ 12} Dix argues that because the trial court did not specifically reference R.C. 2929.12 on the record or in its journal entry it did not appropriately consider the seriousness and recidivism factors. Specifically, Dix argues that R.C. 2929.12(C)(4) applies to this case, i.e., "there are substantial grounds to mitigate the

offender's conduct, although the grounds are not enough to constitute a defense." Dix points to the fact he was not the actual perpetrator of the robbery but rather he set up the victims for the robbery. Dix further argues that the trial court did not consider the factors in R.C. 2929.11, specifically the requirement that the court issue the minimum penalty necessary to achieve the purposes and principles of sentencing. Focusing again on Dix's behavior as a "mere facilitator" to the robbery, Dix argues that prison was unwarranted and unsupported by the record. We disagree.

{¶ 13} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual finding on the record." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8, citing *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 14} While the trial court must consider the factors delineated in R.C. 2929.11 and 2929.12, it "is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence." *Id.,* citing *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. Furthermore, the trial court is presumed to have considered the factors unless the defendant affirmatively demonstrates otherwise. *Id.*, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.). "[A] trial court's statement in its sentencing journal entry that it considered the required

statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Phillips* at ¶ 8.

{¶ 15} In the instant case, the trial court's journal entry stated, "The court considered all required factors of the law. The court finds that prison is consistent with the purposes of R.C. 2929.11." This statement is sufficient to demonstrate that the court considered the applicable factors unless the defendant affirmatively establishes otherwise. *Id.* Dix has failed to do so.

{¶ 16} Dix argues that the trial court failed to consider mitigating factors, pointing to his role as a facilitator. However, under R.C. 2929.12, Dix's conduct was an indication that the crime was *more* serious than other crimes committed of this type. In the instant case, it was alleged that Dix used his relationship with the victims to set them up for the robbery. Under R.C. 2929.12(B), the fact that an offender's relationship with the victim facilitated the offense is an indication that the offender's conduct is *more* serious than the conduct that normally constitutes the offense. R.C. 2929.12(B)(6). Furthermore, the aggravated robbery, in this case, did not happen without Dix's machinations. In this instance, Dix's behavior does not qualify as a mitigating factor.

{¶ 17} As Dix's sentence was within the statutory range for aggravated robbery and the court represented that it considered the statutory factors in R.C. 2929.11 and 2929.12, the sentence was not contrary to law. Accordingly, we overrule the first assignment of error.

{¶ 18} Because our resolution of the third assignment of error will necessarily resolve the second assignment of error, we will address it first. In the third assignment of error, Dix argues that his aggravated robbery sentence under R.C. 2967.271 is unconstitutional. Dix poses three constitutional challenges to the statute. He argues that the statute violates the Sixth Amendment to the U.S. Constitution's right to a jury trial for sentencing determinations; that the statute impermissibly violates the separation of powers doctrine by delegating the decision of whether additional time is warranted to the executive branch; and finally, that it violates the Due Process Clause of the Fourteenth Amendment in that it permits these changes without proper review.

{¶ 19} These issues have recently been addressed by this court. Accordingly, Dix's arguments are overruled pursuant to this court's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law. Furthermore, Dix's second assignment of error, that he received ineffective assistance of counsel due to his lawyer's failure to challenge the constitutionality of the Reagan Tokes Law, is rendered moot, given the *Delvallie* decision.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_Emanuella D. Groves_

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B.   Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.