[Cite as *State v. Hannah*, 2024-Ohio-832.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                                              No. 112927

    v.                                     :

GEONTAE HANNAH,               :

    Defendant-Appellant.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-675256-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee*.

L. Bryan Carr, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Geontae Hannah ("Hannah") appeals her sentence for pandering sexually oriented matter involving a minor and other charges. For the following reasons, we affirm.

## Factual and Procedural History

{¶ 2} On October 10, 2022, Hannah was indicted for thirteen counts as follows: pandering sexually oriented matter involving a minor, a felony of the second degree (Count 1); three counts of illegal use of a minor in nudity-oriented material or performance, felonies of the second degree (Counts 2-4); eight counts of illegal use of a minor in nudity-oriented material or performance, felonies of the fifth degree (Counts 5-12); and one count of possessing criminal tools with a forfeiture specification, a felony of the fifth degree (Count 13).

{¶ 3} After several pretrials, Hannah entered a plea of guilty on May 3, 2023. In exchange for a plea of guilty to Counts 1-2; 5-7 and 13 with forfeiture specification, the state agreed to dismiss the remaining charges. Pursuant to the plea agreement, Hannah agreed that the offenses were not allied offenses and agreed to the forfeiture of her tablet, phone, and SSD card. Additionally, it was acknowledged that Hannah would have to register as a Tier II sex offender.

{¶ 4} Sentencing was conducted on June 8, 2023. The state summarized the facts as follows: On January 20, 2022, the National Center for Missing and Exploited Children ("NCMEC") received a cyber tip from a gaming site called Discord. The tip involved child pornography. NCMEC tracked the computer to Ohio and it was assigned to the Ohio Internet Crimes Against Children Taskforce ("ICAC"). ICAC was able to identify the computer as belonging to Hannah and obtained a search warrant for her home. Hannah was cooperative with investigators and admitted that she knew why they were there and what they would find. She

gave investigators access to her computer and phone and agreed to an interview. During the interview, Hannah admitted she was attracted to children and that the attraction had started a long time ago, migrating from drawings to half-nude images to illegal material. In reviewing the images in Hannah's possession investigators found images of girls between the ages of eight and ten but also images of toddlers. Hannah's chats on Discord were also recovered in which she described her attraction to little girls.

{¶ 5} Hannah's attorney addressed the court, first pointing out that Hannah was 26 years old and had no prior criminal convictions, traffic convictions, or juvenile adjudications. Hannah was raised by her mother and grandmother and had maintained a job at Circle K for the past year. In August 2021, Hannah, who was born male, was diagnosed with gender dysphoria disorder, though counsel suspected that the condition existed prior to the official diagnosis. Hannah was seeing a primary care physician who specialized in transgender health services, hormone management, and LGBTQ+ care. Counsel noted that there was a history of abuse because Hannah's sibling's father thought he could "toughen" Hannah up by inflicting body punches. The court's presentence investigation noted that Hannah's drug screens all came back negative and she was at a low risk for recidivism.

{¶ 6} After she was charged, Hannah began seeing Dr. Jeffrey Salkin Ph.D. biweekly. In Dr. Salkin's professional opinion, Hannah was unlikely to engage in any form of inappropriate sexual imposition in the future. He further noted that

research on pornography indicates that there is an extremely low risk of online-only first-time offenders ever becoming offenders.

{¶ 7} Counsel also provided a packet to the court, which he explained contained the following:

A letter from Dr. Salkin confirming his opinion and his understanding of the research.

A screen grab from Hannah's MyChart,[1] confirming appointments with her PCP, the diagnosis of gender dysphoria on August 31, 2021, and that she is currently taking hormone injections.

A copy of the PCP's professional profile.

A packet published by the National Center for Transgender Equality to highlight how transgender people are treated when incarcerated.

A packet from the ACLU regarding transgender rights under the law. Whether transgender prisoners are housed in facilities in line with their gender identity and Ohio's scorecard on this issue.

Hannah's paystubs from Circle K.

{¶ 8} Counsel requested the court place Hannah on community control arguing that all of the recidivism factors in R.C. 2929.12(E) supported a finding that Hannah was amenable to community control.

{¶ 9} Hannah's mother and grandmother also spoke on her behalf. Her grandmother, Gwendolyn Hannah, spoke about Hannah's struggles with mental illness. Her mother, Gilda Hannah, told the court that Hannah apologized the day this happened. Ms. Hannah reported that Hannah did not get in trouble, but

---

[1] MyChart is a program some hospitals use to allow patients to access their health information.

worked, and helped to pay the bills. Ms. Hannah felt probation and continued mental health treatment were appropriate punishments.

{¶ 10} Hannah also spoke telling the court that she was disgusted and frustrated with herself. She thought she could stop looking at this material on her own but was mistaken. She told the court that she was deeply remorseful and still has not forgiven herself. Hannah asked for more time to work with her therapist and address these issues.

{¶ 11} The trial court thanked defense counsel for the research he provided, and noted, "But I don't see how those issues have anything to do with why we're in court." (Tr. 48.) The court noted that they see cases like this all the time, where the defendant does not have a history and recidivism is low, but the defendant continues to victimize children by viewing pornography.

{¶ 12} The trial court found that Hannah was not amenable to community-control sanctions. The court informed Hannah that she would be subject to a period of five years post-release control. The court then sentenced Hannah to nine months each on Counts 5-7, 13. On Count 1 the court sentenced Hannah pursuant to S.B. 201, the Reagan Tokes Act, for a minimum term of four years with a maximum term of six years. On Count 2, the court sentenced Hannah to four years. The trial court elected to run all counts concurrently.

{¶ 13} Hannah appeals assigning the following errors for our review:

## Assignment of Error. No. 1

The sentence imposed by the trial court was erroneous, unreasonable, and contrary to law.

## Assignment of Error No. 2

The appellant's sentence was the result of the ineffective assistance of counsel.

## Law and Analysis

{¶ 14} In the first assignment of error, Hannah argues that the trial court failed to consider Hannah's lack of prior convictions and failed to reference Ohio's sentencing laws. Specifically, Hannah noted that although the court noted that recidivism is low in these cases, the court did not mention Hannah's lack of prior record and her mental struggles, nor did the court articulate how Hannah's sentence was in line with the overriding purpose of Ohio's sentencing structure.

{¶ 15} An appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *State v. Evans*, 8th Dist. Cuyahoga No. 110253, 2021-Ohio-3679, ¶ 10. An appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing." *Id.*, R.C. 2953.08(G)(2). However, an appeals court may only take this action "if it determines by clear and convincing evidence * * * that the sentence is otherwise contrary to law." *State v. Evans*, 8th Dist. Cuyahoga No. 109619, 2021-Ohio-1411, ¶ 12, quoting *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21.[2]

---

[2] R.C. 2953.08(G)(2) describes two situations where an appellate court may overturn a sentence. In the first, a sentence may be modified if we clearly and convincingly find "[t]hat the record does not support the sentencing court's findings

{¶ 16} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Evans*, 2021-Ohio-1411 at ¶ 12. Furthermore, a sentence is contrary to law if the trial court considers factors or considerations that are extraneous to those permitted by R.C. 2929.11 and 2929.12. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 21.

{¶ 17} To the extent that Hannah argues the trial court did not specify its findings under R.C. 2929.11 or 2929.12, her argument fails. Neither statute requires the trial court to make findings of fact on the record. *State v. Copley*, 8th Dist. Cuyahoga No. 111960, 2023-Ohio-2687, ¶ 28, citing *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8. "A statement in the trial court's journal entry that it considered the required statutory findings is sufficient to fulfill the trial court's obligations under the sentencing statutes." *Id.*, citing *State v. Riemer*, 8th Dist. Cuyahoga No. 110314, 2021-Ohio-4122, ¶ 18. Unless the defense affirmatively demonstrates otherwise, the trial court is presumed to have considered the appropriate sentencing factors. *Id.*

{¶ 18} Here, the trial court noted in its journal entry that it considered all required factors of law and that it determined prison was consistent with the

---

under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." R.C. 2953.08(G)(2)(a). In the second, we may sentence if it is contrary to law. R.C. 2953.08(G)(2)(b). In the instant case, Hannah does not raise any of the R.C. 2953.08(G)(2)(a) factors; therefore, we focus on whether the sentence is contrary to law.

purpose of R.C. 2929.11. Also, the court did mention Hannah's lack of a history, but found that the nature of the crimes was its overriding concern.

{¶ 19} Finally, there is a presumption of a prison sentence when someone pleads guilty to or is found guilty of a felony of the first or second degree. R.C. 2929.13(D)(1). The presumption may be overcome if a defendant can establish the following:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2)(a) and (b).

{¶ 20} While the recidivism factors under R.C. 2929.12(E) supported a finding that Hannah was not likely to commit future crime due to her lack of any previous criminal history, the court expressed concern about the continuing harm to the child victims. *See* R.C. 2929.12(B). Additionally, most of the factors that would make the conduct less serious do not apply to the facts of this case: (a) the victims did not facilitate the offense; (b) there was no evidence Hannah was acting under strong provocation; and (c) that there were substantial grounds to mitigate

Hannah's conduct although they did not constitute a defense. R.C. 2929.12(C). Hannah's struggles with gender dysphoria are not mitigating. There was no evidence presented that Hannah's gender dysphoria somehow was connected to her criminal conduct. The abuse she suffered at the hands of her stepfather was potentially mitigating but was not a defense or justification for collecting images of child pornography. While Hannah's counsel provided a packet to the court, that packet was designed to educate and inform the court on both Hannah's steps to address her gender dysphoria and ways in which the criminal justice system is not fully prepared to deal with a prisoner who is transgender or gender nonconforming. Those documents provided insight into Hannah's life and struggles; however, they did not serve as mitigation for Hannah's conduct. Many people struggle with gender identity issues but do not choose to collect child pornography. The record does, however, support a finding that Hannah did not cause or expect to cause physical harm, the fourth factor indicating Hannah's conduct was less serious. R.C. 2929.12(C)(3).

{¶ 21} Based on the foregoing, Hannah has failed to establish that her sentence was clearly and convincingly unsupported by the record. Accordingly, the first assignment of error is overruled.

{¶ 22} In the second assignment of error, Hannah argues that she received ineffective assistance of counsel when her attorney failed to timely request mitigating information and failed to timely present the mitigating evidence he did have to the court.

{¶ 23} Ineffective assistance of counsel is established when a defendant demonstrates that "(1) counsel's performance fell below an objective standard of reasonable representation and (2) he was prejudiced by that performance." *State v. Morgan*, 8th Dist. Cuyahoga No. 105682, 2018-Ohio-1834, ¶ 10, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Courts considering whether an attorney's performance fell below an objective standard of reasonableness, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. A defendant establishes prejudice by showing that "there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 10.

{¶ 24} In the instant case, there was no evidence that Hannah's counsel lacked anything with respect to mitigation. Counsel told the court that he had subpoenaed his client's medical records from MetroHealth but had not received a response. Nevertheless, he provided screenshots from his client's medical records and presented them to the court to corroborate his representation that Hannah had sought treatment. If Hannah is referencing any other material, the record does not identify them.

{¶ 25} Hannah next argues that information that her counsel did provide was provided too late. However, there is no requirement that an attorney file a sentencing memorandum prior to sentencing. Additionally, the record reflects that the trial court considered the packet of information that Hannah's attorney

provided. The trial court did not find the information directly relevant to sentencing. Based on this record, we do not find that counsel erred. In order to show ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice. Given the foregoing, Hannah has failed to establish she received ineffective assistance of counsel. Accordingly, the second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶ 27} I respectfully concur in judgment only. The arguments presented are either not capable of being reviewed or are based on arguments upon which no relief can be granted. I would limit the discussion accordingly.

{¶ 28} Hannah advances two assignments of error, the first of which is attempting to challenge the individual sentences imposed for each offense. A defendant's right to appeal a sentence is generally derived from R.C. 2953.08. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 10. R.C. 2953.08(D)(1) is "a statutory limit on a court of appeals' jurisdiction to hear an appeal." *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22; *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 9, fn. 1. "R.C. 2953.08 specifically and comprehensively defines the parameters and standards — including the standard of review — for felony-sentencing appeals." At one time appellate courts were told that they "need look no further" than the statute because R.C. 2953.08 "limits appellate review" of final sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21.

{¶ 29} Under a plain reading of R.C. 2953.08(A), an offender may appeal a sentence as a matter of right, if the sentence consists of or includes (1) the maximum definite or longest indefinite term authorized for that offense; (2) a prison term imposed on a felony of the fourth or fifth degree that is not accompanied with the findings under R.C. 2929.13(B)(1)(b); (3) certain prison terms for offenses designated as violent sex offenses or designated homicide, assault, or kidnapping

offenses; (4) a sentence that is contrary to law; or (5) an additional prison term of ten years under R.C. 2929.14(B)(2).

{¶ 30} With respect to the two second-degree felony convictions, neither of the prison terms were the maximum available for each individual offense (*see* R.C. 2929.14(A)(2)(a)), and Hannah conceded that the sentences imposed on the second-degree felony offenses of pandering sexually orientated matter involving a minor or illegal use of minor in nudity-orientated material were not contrary to law. No other subdivision under R.C. 2953.08(A) is applicable. As a result, Hannah has no statutory right to appeal those sentences.

{¶ 31} Our inquiry need not go beyond that conclusion because Hannah has not provided any discussion or authority to support any other right to appeal the four-year stated minimum terms of imprisonment that were concurrently imposed on both second-degree felony offenses. *See*, *e.g., State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952 (R.C. 2953.08 does not preclude an appeal grounded upon a deprivation of constitutional rights), *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68 (concluding that it is reversible error to impose a sentence if the trial court considers evidence outside of enumerated factors or considerations of R.C. 2929.11 or 2929.12). Those two terms of imprisonment must be affirmed.

{¶ 32} Although Hannah does have a statutory right to appeal the nine-month terms of imprisonment imposed for the fifth-degree felony offenses of illegal use of minor in nudity-orientated material (*see* R.C. 2953.08(A)(2)), those nine-

month terms of imprisonment were imposed to be served concurrent with, and subsumed by, the longer prison terms imposed on the more serious felony offenses. Any sentencing error pertaining to the fifth-degree felony offenses is, at best, harmless.

{¶ 33} In the second assignment of error, Hannah tersely concludes that her trial counsel rendered ineffective assistance of counsel by failing to provide mitigation information to the court for the purposes of sentencing. No analysis or citation to authority was provided. *See* App.R. 16(A)(7). Appellate courts cannot supplement arguments on behalf of parties. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177, 230 U.S. App. D.C. 80 (D.C.Cir.1983). Without further analysis being provided for review, this panel is unable to offer relief without sua sponte providing a foundation to substantiate both prongs of the ineffective-assistance-of-counsel analysis. No relief could be offered on that assignment of error based on the argument presented, and therefore, I would refrain from delving further into the related discussion. In light of the arguments presented, I agree that the convictions must be affirmed. Accordingly, I concur in judgment only with the majority.