[Cite as *State v. Thomas*, 2024-Ohio-5481.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,          :

                                      No. 113641

    v.                               :

JAMONE THOMAS,                         :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683842-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sean Drake, Assistant Prosecuting Attorney, *for appellee*.

Edward M. Heindel, *for appellant*.

EMANUELLA D. GROVES, P.J.:

{¶ 1} Defendant-appellant, Jamone Thomas ("Thomas"), appeals his sentence for robbery. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On August 16, 2023, Thomas was charged with one count of aggravated robbery in violation of R.C. 2911.01(A)(1), felony of the first degree, and seven other robbery-related counts. The allegation was that the victim was lured to a park by Thomas to play basketball and was robbed at gunpoint by Thomas and his associate. At the time, Thomas had two fourth-degree felony weapon charges pending and was on community control for two attempted fifth-degree felonies: forgery in violation of R.C. 2913.31 (A)(3) and carrying a concealed weapon in violation of R.C. 2923.12(A)(2).

{¶ 3} On December 20, 2023, Thomas pleaded guilty to one of the pending charges, improper handling of a firearm in a vehicle in violation of R.C. 2923.16(B), felony of the fourth degree and, in the robbery case, an amended robbery charge in violation of R.C. 2911.02(A)(1), felony of the second degree with firearm specifications deleted. The trial court ordered a presentence investigation. On January 16, 2024, the trial court terminated Thomas' community control and sentenced him to 18 months on the weapon charge to run concurrently with a six- to nine-year robbery sentence and upon completion of the prison term, 18-24 months of mandatory postrelease control.

{¶ 4} Thomas appeals his robbery sentence and raises one assignment of error.

## Assignment of Error

Thomas' sentence was contrary to law because the trial court did not properly consider the purposes and principles of felony sentencing, or the seriousness and recidivism factors, when it imposed its sentence.

## Law and Analysis

{¶ 5} Thomas argues that his sentence is contrary to law because the trial court did not properly consider the purposes and principles of felony sentencing, or the seriousness and recidivism factors. We disagree.

{¶ 6} An appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *State v. Evans*, 2021-Ohio-3679, ¶ 10 (8th Dist.). Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence . . . or may vacate the sentence and remand the matter . . . for resentencing." *Id.* However, an appellate court may only take this action "if it determines by clear and convincing evidence . . . that the sentence is otherwise contrary to law." *State v. Evans*, 2021-Ohio-1411, ¶ 12 (8th Dist.), quoting *State v. Marcum*, 2016-Ohio-1002 at ¶ 1, 21.

{¶ 7} A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12. *Evans*, 2021-Ohio-1411 at ¶ 12.

{¶ 8} Thomas claims the second condition was violated. The second condition addresses whether the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and 2929.12. Under R.C. 2929.11 when sentencing for a felony, the trial court "shall be guided by the overriding purposes of

felony sentencing" i.e., (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Evans,* 2021-Ohio-3679, at ¶ 13 (8th Dist.), quoting R.C. 2929.11. Additionally, R.C. 2929.11(B) states:

> A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 9} R.C. 2929.12 provides further instruction, detailing seriousness and recidivism factors the trial court should consider when imposing a felony sentence. *Evans* at ¶ 13.

{¶ 10} However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual finding on the record." *State v. Phillips*, 2021-Ohio-2772, ¶ 8, citing *State v. Jones,* 2020-Ohio-6729 ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). While the trial court must consider the factors delineated in R.C. 2929.11 and 2929.12, it "is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence." *Phillips* at ¶ 8, citing *State v. Keith,* 2016-Ohio-5234, ¶ 11 (8th Dist.). Furthermore, the trial court is presumed

to have considered the factors unless the defendant affirmatively demonstrates otherwise. *Id.*, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.).

{¶ 11} Here, the trial court reviewed the presentence-investigation report that detailed the facts of the robbery case. Thomas had three cases before the trial court: the forgery and weapon convictions for which he was under community control and subsequent weapon and robbery convictions. The trial court shared the consideration shown to Thomas by initially placing him on community control and allowing him to travel to Las Vegas. The trial court stated, "I've considered the seriousness and recidivism factors and the purposes and principles of sentencing statutes." The trial court's journal entry reflects the same.

{¶ 12} The mere fact that the trial court emphasized certain factors and did not mention others does not lead us to conclude that the trial court failed to consider all relevant factors. It is generally accepted that "a trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *State v. Phillips*, 2021-Ohio-2772, at ¶ 8, citing *Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.).

{¶ 13} Upon review of the record and law, this court finds that the trial court's sentence of Thomas is not contrary to law. Accordingly, the sentence is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR